UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL LEE WHITE,

      Plaintiff,

v.                                               CIVIL ACTION NO. 5:21-cv-00619

UNITED STATES DEPARTMENT
of VETERANS AFFAIRS, and
CARMIE EDWARD ESTEP, JR.,

      Defendants.

## ORDER

      Pending is the Motion by Defendant Carmie Edward Estep, Jr. and Defendant United States Department of Veterans Affairs (collectively "Defendants") to substitute the United States of America as the proper party, filed on December 22, 2021. [Doc. 7]. The response time has passed, and no response has been received. L.R. Civ. P. 7.1(a)(7). The matter is ready for adjudication.

      Plaintiff Michael Lee White has asserted tort claims against the Defendants. [Doc. 1]. The proper party in an action under the Federal Tort Claims Act ("FTCA") is the United States. 28 U.S.C. §§ 1346(b), 2679(b)(1); *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) ("When a federal employee is sued, the United States Attorney, . . . must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). Once this certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court; then the plaintiff's sole route for recovery is the Tort Claims Act.").

Inasmuch as the claims in this case arise under the FTCA, the United States is the proper defendant. The Motion to Substitute the United States as the Proper Party is thus **GRANTED**. [Doc. 7].[1]

The Court directs the Clerk to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 13, 2022

Frank W. Volk
United States District Judge

---

[1] The United States being substituted as the proper party gives effect to the Stipulation of Dismissal without Prejudice, [Doc.12], filed by Mr. White and the United States on January 5, 2022. Fed. R. Civ. P. 41(a)(1)(A)(ii) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared.").